UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIAN HARRIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WARDEN RICHARD T. SMITH, et al.,<br><br>　　　　Defendants. | Civil Action<br>No. 20-10363 (RBK)(AMD)<br><br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

　　Plaintiff, a county inmate, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. For the following reasons, the Court will dismiss the Complaint.

## I.　BACKGROUND

　　The Court will construe the limited factual allegations of the Complaint as true for the purpose of this Opinion. Plaintiff names only Warden Richard T. Smith and Assistant Warden Charles Warren as Defendants in this matter.

　　The Court gleans from Complaint that Plaintiff takes issue with Defendants' handling of an assault at the jail. On or about March 4, 2020, a mob of approximately fifteen people assaulted Plaintiff, causing him numerous injuries. (ECF No. 1, at 5.) Plaintiff offers no other details regarding his attackers, other than that they went to lockup after the attack and believed that Plaintiff was racist.

　　Plaintiff claims, without further elaboration, that Defendants failed to implement policies that would have kept him safe. According to Plaintiff, he seeks to "bring clarifications to keep minimum custody inmates from violent offenders." (*Id*. at 6.) Thereafter, Plaintiff filed numerous grievances regarding his attack, but did not receive a response from Defendants or the jail. In those grievances, it appears that Plaintiff sought to file criminal charges against his attackers.

In August of 2020, Plaintiff filed the instant Complaint, again seeking criminal charges against his attackers and to punish the Defendants for their "disinterest for justice." (*Id.*)

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B).  District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678.  Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights under the United States Constitution. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.,* 36 F.3d 1250, 1255–56 (3d. Cir. 1994)).

**A. Claims Regarding Grievances**

To the extent Plaintiff contends that Defendants violated his First or Fourteenth Amendment rights by ignoring his grievances, the Court will dismiss those claims with prejudice.

Generally, the First Amendment confers a "right to petition the Government for redress of grievances," which traditionally involves access to the courts. *Jutrowski v. Twp. of Riverdale*, 904

F.3d 280, 294 n.17 (3d Cir. 2018); *Horsh v. Clark*, No. 17-316, 2019 WL 1243009, at *5 (W.D. Pa. Mar. 18, 2019). The First Amendment does not, however, "impose any affirmative obligation on the government to listen, to respond or . . . to recognize" a grievance. *E.g.*, *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 465 (1979); *see also Minnesota State Bd. Community Colleges v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications.").

Similarly, there is no constitutional right to an "administrative grievance process or any particular relief . . . through such process." *Horsh*, No., 2019 WL 1243009, at *5 (citing *Jones v. N. C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977)); *Bakhtiari v. Spaulding*, No. 17-16, 2017 WL 2778524, at *14 (M.D. Pa. June 27, 2017) ("Even if the prison provides for a grievance procedure . . . violations of those procedures do not give rise to a civil rights cause of action.").

These claims are equally meritless as due process challenges under the Fourteenth Amendment. Inmates "are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights." *Peterson v. Holmes*, No. 12-865, 2012 WL 5451435, at *7 (D.N.J. Nov. 7, 2012) (quoting *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997)). As a result, although the failure to respond to Plaintiff's grievances may implicate other rights, it did "not violate his rights to due process and is not actionable." *Id*. (quoting *Stringer v. Bureau of Prisons*, 145 F. App'x 751, 753 (3d Cir. 2005)).

Consequently, the Court will dismiss with prejudice Plaintiff's grievance related claims under the First and Fourteenth Amendments.

### B. Criminal Prosecution Claims

Next, Plaintiff asks the Court to "address this matter criminally," and seeks to bring criminal charges against his attackers. Plaintiff cannot, however, "bring criminal charges in this Court; that power lies solely with the executive branch." *See, e.g.*, *Telfair v. Post*, No. 18-3842, 2018 WL 3054679, at *12 (D.N.J. June 20, 2018); *Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *1 (D.N.J. Nov. 3, 2017).

Courts "have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties," finding that such plaintiffs lack standing or that such relief is simply unavailable in a civil suit. *E.g.*, *Dicent v. Sears Holdings*, No. 17-332, 2017 WL 1045066, at *5 (Feb. 27, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 1042470 (M.D. Pa. Mar. 17, 2017), *appeal dismissed*, No. 17-1679, 2017 WL 4417851 (3d Cir. June 20, 2017). Accordingly, to the extent that Plaintiff seeks to prosecute criminal charges, the Court will dismiss those claims with prejudice.

### C. Remaining Claims and Rule 8

The Court finds that the remainder of the Complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim. As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, the Complaint contains almost no factual allegations as to the Defendants' actions, and is instead, a collection of bare conclusions, which is insufficient to state a claim for relief. *See, e.g.*, *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678).

It appears that Plaintiff wishes to pursue failure to protect claims under the Fourteenth Amendment as he believes that Defendants have "failed to implement policies that would keep

5

[him] safe." (ECF No. 1, at 5–6.)  He fails, however, to allege what those policies should be, how existing policies caused his injuries, any other details regarding the attack, or how it was otherwise avoidable.  *Cf.*, *Cooper v. Link*, No. 18-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights.").

As a result, the remainder of the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555.  Consequently, the Court will disregard these "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, and dismiss the remainder of the Complaint, without prejudice, for failure to state a claim and for failure to comply with Rule 8.

## IV.     CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's First and Fourteenth Amendment grievance related claims as well as Plaintiff's criminal prosecution claims.  The Court will dismiss the remainder of the Complaint without prejudice.  An appropriate Order follows.


Dated:  March 24,  2021                                              s/Robert B. Kugler
                                                                                         ROBERT B. KUGLER
                                                                                         United States District Judge